## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SONOS, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 24-131-JNR |
| | ) |
| LINKPLAY TECHNOLOGY INC. and | ) |
| LINKPLAY TECHNOLOGY, INC., | ) |
| NANJING, | ) |
| | ) |
| Defendants. | ) |

### NOTICE OF SUBPOENA

PLEASE TAKE NOTICE that, pursuant to Rule 45 of the Federal Rules of Civil Procedure, Plaintiff Sonos Inc. will serve the subpoena attached hereto as Exhibit A on Origin Acoustics, LLC.

OF COUNSEL:

George I. Lee
Sean M. Sullivan
Rory P. Shea
J. Dan Smith
Michael P. Boyea
Cole B. Richter
Jae Y. Pak
Lee Sullivan Shea & Smith LLP
656 W. Randolph St., Floor 5W
Chicago, IL 60661
(312) 754-9602

Dated: May 16, 2024
11509169

POTTER ANDERSON & CORROON LLP

By: */s/ Philip A. Rovner*
Philip A. Rovner (#3215)
P.O. Box 951
Wilmington, DE 19899
(302) 984-6000
provner@potteranderson.com

*Attorneys for Plaintiff Sonos, Inc.*

# EXHIBIT A

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of Delaware

| | |
|---|---|
| Sonos, Inc. *Plaintiff* | ) ) ) |
| v. | ) Civil Action No. 24-131-JNR |
| Linkplay Technology Inc. and Linkplay Technology, Inc., Nanjing *Defendant* | ) ) ) ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Origin Acoustics, LLC
6975 S Decatur Blvd Suite 140 Las Vegas, NV 89118
*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Schedule A

| Place: Akerman<br>1635 Village Center Circle Suite 200<br>Las Vegas, NV 89134 | Date and Time:<br>06/06/2024 5:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 05/16/2024

*CLERK OF COURT*

OR

_____           /s/Michael P. Boyea
*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Sonos, Inc. , who issues or requests this subpoena, are:

Michael P. Boyea (boyea@ls3ip.com), 312-754-9618), Lee Sullivan Shea & Smith LLP, 656 W. Randolph St., 5W, Chicago IL 60661

**Notice to the person who issues or requests this subpoena**
A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 24-131-JNR

# PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____
on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____
_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____
_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____                                    _____
                                                          *Server's signature*

                                                        _____
                                                          *Printed name and title*

                                                        _____
                                                          *Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
     **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# SCHEDULE A
# DEFINITIONS AND INSTRUCTIONS

For purposes of responding to this subpoena, the following definitions and instructions shall apply:

1. The terms "Origin Acoustics," "You," and "Your" shall mean Origin Acoustics, LLC and any other name under which Origin Acoustics is doing or has done business, any predecessor, successor, parent, subsidiary, or affiliate, and where applicable, Origin Acoustics' officers, directors, employees, partners, agents, attorneys, or any other person or business entity acting or purporting to act on Origin Acoustics' behalf.

2. The terms "Plaintiff" and "Sonos" shall mean Sonos, Inc., any predecessor, successor, parent, subsidiary, or affiliate, and where applicable, Sonos's officers, directors, employees, partners, agents, attorneys, or any other person or business entity acting or purporting to act on Sonos's behalf.

3. The terms "Defendants" and "Linkplay" shall mean Linkplay Technology Inc. and Linkplay Technology, Inc., Nanjing, and any other name under which Defendants are doing or have done business (either collectively or individually), any predecessor, successor, parent, subsidiary, or affiliate, and where applicable, Defendants' officers, directors, employees, partners, agents, attorneys, or any other person or business entity acting or purporting to act on Defendants' behalf.

4. The terms "document," "documents," and "information" each incorporates all documents, electronically stored information (ESI), and things as broadly defined in Rule 34 of the Federal Rules of Civil Procedure and related case law.

5. The terms "communication" and "communications" shall mean all exchanges or transmittals, whether in paper, electronic, oral or any other form or medium, of information

(including but not limited to transmittals of facts, ideas, inquiries, analyses, assertions, concerns, instructions, opinions, reservations, thoughts or otherwise) by any mode of transmission, including e-mail, facsimile, telex, courier, U.S. mail, in person, telephone, cell phone and other internet-based, wireless-based, and satellite-based modes of transmission, between or among two or more persons and includes all documents and things constituting, relating to, incorporating, including, summarizing, describing or identifying the contents, subject matter, date, place and time of or participants in an exchange or transmittal.

6. The terms "person" and "persons" shall mean any natural person.

7. The terms "entity" and "entities" shall mean any business, legal or governmental entity or association.

8. The terms "and," "or," and "and/or" shall be construed disjunctively or conjunctively as necessary to bring within the scope of the request all responses that otherwise might be construed to be outside its scope.

9. The terms "all," "any," "each," and "every" shall be construed as encompassing any and all.

10. The terms "including" and "include" shall be construed in such a way as to suggest or provide an example or examples. The terms "including" and "include" shall not be construed in such a way as to limit or confine the broader term or concept for which a suggestion or example is being given.

11. Each of "relating to," "relate to," "referring to," "refer to," "regarding," "with regard to," "concern," "concerning" and derivatives thereof shall be construed broadly so as to encompass the liberal scope of discovery set forth in Rule 26(b) of the Federal Rules of Civil Procedure and shall mean directly or indirectly affecting, alluding to, analyzing, bearing upon,

commenting on, comparing, complementing, comprising, concerning, constituting, containing, contemplating, contradicting, criticizing, critiquing, dealing with, depicting, describing, discussing, embodying, evaluating, evidencing, identifying, incorporating, involving, mentioning, negating, noting, pertaining to, providing a basis for, referencing, referring to, reflecting, refuting, regarding, relating to, respecting, responding to, reviewing, stating, summarizing, supporting, with respect to or otherwise in any manner pertaining to or being connected to, whether logically, circumstantially, factually, legally, directly or indirectly, the document, thing, information, matter, topic, issue, fact, assertion, allegation or circumstance being stated, discussed or referenced.

12. The use of the singular form of any word includes the plural and *vice versa* to bring within the scope of the request all responses that otherwise might be construed to be outside its scope.

13. The term "how" shall be construed as how, what, why, when, who, and/or where as necessary to bring within the scope of the request all responses that otherwise might be construed to be outside its scope.

14. The term "date" shall mean the exact day, month, and year (to the degree ascertainable) or if not ascertainable, the best approximation (including relationship to other events).

15. The term "the '014 Patent" shall mean U.S. Patent No. 7,571,014, as well as its application and any publications thereof.

16. The term "the '532 Patent" shall mean U.S. Patent No. 9,164,532, as well as its application and any publications thereof.

17. The term "the '357 Patent" shall mean U.S. Patent No. 9,213,357, as well as its application and any publications thereof.

18. The term "the '883 Patent" shall mean U.S. Patent No. 10,541,883, as well as its application and any publications thereof.

19. The term "the '023 Patent" shall mean U.S. Patent No. 10,853,023, as well as its application and any publications thereof.

20. The term "Patent(s)-in-Suit" shall mean the '014 Patent, the '532 Patent, the '357 Patent, the '883 Patent, and the '023 Patent, either collectively or individually.

21. The term "customer(s)" shall mean any purchaser, reseller, distributor, dealer, retailer, wholesaler, user, product developer, and/or recipient.

22. The term "knowledge" shall include firsthand information and information derived from any source, including hearsay knowledge.

23. The term "Sonos Product(s)" shall mean any product made, offered, or sold by Sonos, including but not limited to any Sonos app (including but not limited to the Sonos S1 and S2 apps), any Sonos player (including but not limited to the PLAY:1, ONE, ONE SL, PLAY:3, PLAY:5, FIVE, MOVE, MOVE 2, ROAM, ROAM SL, PLAYBAR, PLAYBASE, BEAM, ARC, RAY, ERA 100, ERA 300, SUB, SUB MINI, CONNECT, PORT, CONNECT:AMP, AMP, and any predecessor product thereof), any Sonos controller device (including but not limited to the CR100 and CR200), and any Sonos networking device (including but not limited to the BRIDGE and the BOOST), either collectively or individually.

24. The term "WiiM Player(s)" shall mean the following products, including any and all versions thereof, either collectively or individually: WIIM AMP, WIIM AMP PRO, WIIM PRO, WIIM PRO PLUS, WIIM MINI, WIIM ULTRA, and WIIM WAKE-UP LIGHT.

25. The term "Cobblestone Player" shall mean the following products, including any and all versions thereof, either collectively or individually: MUZO COBBLESTONE.

26. The term "Linkplay Module(s)" shall mean the following products, including any and all versions thereof, either collectively or individually: the A28, A31, A76D, A88, A97 series, A98 series, A108, and A118 modules.

27. The term "Linkplay Player(s)" shall mean any WiiM Player, any Cobblestone Player, and/or any device that includes one or more Linkplay Modules, either collectively or individually.

28. The term "WiiM App(s)" shall mean any and all versions of the WiiM Home App and WiiM Light App, including but not limited to the iOS, Android, MacOS, and Windows versions of such apps, either collectively or individually.

29. The term "Muzo App(s)" shall mean any and all versions of the Muzo Player App, including but not limited to the iOS and Android versions, either collectively or individually.

30. The term "Companion App(s)" shall mean any and all versions of the companion app offered by Linkplay (described at the following webpage: https://www.linkplay.com/app), either collectively or individually.

31. The term "Linkplay App(s)" shall mean any WiiM App, any Muzo App, and/or any Companion App, either collectively or individually.

32. The term "Multiroom" refers to the feature(s), functionality(s), process(es), and/or technology(s) of the same name referred to in **Screenshot A** below from Origin Acoustics' website, either collectively or individually:

> **ALL OF YOUR CONTENT IN ONE APP**
>
> Easily build your multiroom sound system with your existing AirPlay 2 speakers, Amazon Echo, and Google Home devices. Using your legacy audio devices, you can create a more flexible multiroom sound system with multiple WiiM Pros, WiiM Minis, or Linkplay-powered devices. WiiM Pro supports multiroom from various audio source inputs, including WiFi, BT, Aux, and SPDIF input, making it versatile with almost every music listening option.

**Screenshot A**

*See, e.g.*, https://originacoustics.com/collection/wiim/.

33.     The term "Linkplay Technology" shall mean any and all Linkplay Modules, Linkplay Apps, and/or other technology provided by Linkplay to enable any device to have Multiroom capabilities.

34.     The term "Starting Date" shall mean February 1, 2018, which is six years before the date on which this case was brought against Linkplay.

35.     No request or subpart hereof shall be construed as a limitation on any other request or subpart hereof.

36.     Please produce all documents and things responsive to these requests that are within Your possession, custody, or control, whether directly or indirectly.

37.     If, after exercising due diligence, You are unable to determine the existence of any documents or things falling within a document request, please state so in Your written response as required by Rule 34 of the Federal Rules of Civil Procedure.

38.     Please produce all documents responsive to these requests as they are kept in the ordinary course of business.  In this respect, please produce all responsive documents in their entirety, including all attachments or affixations thereto.

39.     Please produce documents from any single file in the same order as they were found in such file.  If copies of documents are produced, such copies should be legible and bound or stapled in the same manner as the original.

40.     When objecting to any request, please state with specificity the grounds for each objection and the request(s) to which each objection applies.  Any request to which an objection is made should be responded to insofar as it is not deemed objectionable.

41. For each responsive document withheld on a claim of privilege, including but not limited to the attorney-client privilege and/or work product immunity, please identify the nature of the privilege being claimed, state the basis for the claim of privilege, and provide the following information:

   a. the type of document (e.g., letter, email, memorandum, etc.);
   b. the date of the document;
   c. the general subject matter of the document; and
   d. other information sufficient to identify the document for a subpoena *duces tecum*, including but not limited to, where appropriate, the identity of the author and any other person involved in the preparation of the document, the identity of the addressees and any other recipients of the document, the identity of the custodian of the document, and where not apparent, the relationship of the such persons to one other.

Further, if a claim of privilege applies to only a portion of a responsive document, please produce the portion(s) of the document not subject to the claim of privilege.

42. For each responsive document withheld on a claim of third-party confidentiality, please state the basis for the claim of third-party confidentiality and provide the following information:

   a. the type of document (e.g., letter, email, memorandum, etc.);
   b. the date of the document;
   c. the general subject matter of the document; and
   d. other information sufficient to identify the document for a subpoena duces tecum, including but not limited to, where appropriate, the identity of the author and any other person involved in the preparation of the document, the identity of the addressees and any other recipients of the document, the identity of the custodian of the document, and where not apparent, the relationship of the such persons to one other.

Further, if a claim of third-party confidentiality applies to only a portion of a responsive document, please produce the portion(s) of the document not subject to the claim of third-party confidentiality.

43. For each responsive document of which You are aware that has been destroyed, lost, or is otherwise unavailable for production, please state so and provide the following

information:

    a. the type of document (e.g., letter, email, memorandum, etc.);
    b. the date of the document;
    c. the contents of the document;
    d. other information sufficient to identify the document for a subpoena duces tecum, including but not limited to, where appropriate, the identity of the author and any other person involved in the preparation of the document, the identity of the addressees and any other recipients of the document, the identity of the custodian of the document, and where not apparent, the relationship of the such persons to one other;
    e. the date of the unavailability;
    f. the identity of the person who authorized the destruction (if any); and
    g. the identity of the person known to have last had possession, custody, or control of the document.

44. Please note that the disclosure of confidential information in this case is governed by Rule 26.2 of the Local Rules of Civil Practice and Procedure of the United States District Court for the District of Delaware until a protective order is entered by the Court.

45. For responsive files that are not easily converted to image format, such as excel and database files, please produce these files in native format. Otherwise, please produce all responsive documents as single-page TIFF images and associated multi-page text files containing extracted text or OCR, along with load files containing Bates Begin, Bates End, Attachment Begin, Attachment End, and Confidentiality Designation (or the equivalent thereof).

46. These requests for production shall be deemed continuing so as to require further and supplemental production in accordance with the Federal Rules of Civil Procedure.

## PRODUCTION REQUESTS

### REQUEST NO. 1

Documents and things sufficient to identify (a) the number and cost to Origin Acoustics of Linkplay Players and Linkplay Modules (or similar modules associated with Linkplay) that Origin Acoustics has received from Linkplay, whether directly or indirectly, since the Starting Date until the present date and (b) the location(s) where Origin Acoustics received the same.

### REQUEST NO. 2

All documents and things concerning the procurement by, and shipment and delivery to, Origin Acoustics of Linkplay Players and Linkplay Modules, whether directly or indirectly, including the manner and location in which, and the process by which, these activities have been and/or are carried out.

### REQUEST NO. 3

Documents and things sufficient to identify (a) the number of, sales price of, and revenue derived from Origin Acoustics making, using, selling, or offering to sell, or importing into the U.S., any Linkplay Player or Linkplay Module (or similar module associated with Linkplay) since the Starting Date until the present date and (b) the identity and location of any other individual, entity, or party involved in each such activity.

### REQUEST NO. 4

All documents and things concerning any Linkplay Player, Linkplay Module, Linkplay App, or other Linkplay Technology.

**REQUEST NO. 5**

All documents and things concerning any agreements, contracts, or memorandums of understanding between Origin Acoustics and Linkplay.

**REQUEST NO. 6**

All documents and things concerning any business or other relationship between Origin Acoustics and Linkplay.

**REQUEST NO. 7**

All documents and things concerning any partnership or other colloration between Origin Acoustics and Linkplay to develop any audio product, including any audio product of the "WiiM Professionl CI Series" referenced at the following webpage: [https://www.twice.com/the-wire/origin-acoustics-and-wiim-partner-to-create-and-distribute-professional-smart-audio-solutions](https://www.twice.com/the-wire/origin-acoustics-and-wiim-partner-to-create-and-distribute-professional-smart-audio-solutions).

**REQUEST NO. 8**

All documents and things concerning Sonos, any Sonos Products, and/or any Patent-in-Suit.