IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SONOS, INC., | ) |
|        Plaintiff, | ) ) ) C.A. No. 24-131-JNR |
| v. | ) ) |
| LINKPLAY TECHNOLOGY INC. and LINKPLAY TECHNOLOGY, INC., NANJING, | ) ) ) JURY TRIAL DEMANDED ) |
|        Defendants. | ) |

**SCHEDULING ORDER**

The Court having conducted an initial Rule 16(b) scheduling conference pursuant to Local Rule 16.1(b) on May 16, 2024, and the parties having determined after discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation, or binding arbitration;

IT IS ORDERED that:

1. <u>Sonos's First Set of Fact Discovery Requests for Production of Documents Served May 2, 2024</u>. Linkplay Technology Inc. shall serve its responses by **June 14, 2024** and begin rolling production by **July 31, 2024** of documents relating to (a) sales of the Accused Linkplay Products,[1] (b) Linkplay Technology Inc.'s importation, sales, and marketing of the Accused Linkplay Products, (c) third parties' receipt, use, and sales of the Accused Linkplay Products, and (d) Linkplay Technology Inc.'s relationship with Linkplay Technology, Inc., Nanjing, U.S. resellers of the Accused Linkplay Products, and U.S. distributors of the Accused Linkplay Products.

2. <u>Rule 26(a)(1) Initial Disclosures</u>. Unless otherwise agreed to by the parties, the

---

[1] "Accused Linkplay Product(s)" shall have the same meaning as set forth at paragraph 32 of Sonos's First Set of Fact Discovery Requests for Production of Documents.

1

parties shall make their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) on or before **July 23, 2024**.

3. Joinder of Other Parties and Amendment of Pleadings. All motions to join other parties, and to amend or supplement the pleadings, shall be filed on or before **February 17, 2025**, with exception of amendments to assert inequitable conduct which shall be filed on or before **July 25, 2025**.

4. Discovery

   a. Discovery Cut Off. All fact discovery in this case shall be initiated so that it will be completed on or before **September 25, 2025**.

   b. Document Production. Document production shall be substantially complete by **May 12, 2025**.

   c. Requests for Admission. A maximum of **40** requests for admission are permitted for each side.[2] In addition, the parties may serve a reasonable number of requests for admission to establish the authenticity of documents. Requests for admission directed to document authentication shall be clearly denoted as such and shall be served separately from any requests for admission subject to the numerical limitations stated above.

   d. Interrogatories. A maximum of **25** interrogatories, including contention interrogatories, are permitted for each side.

   e. Privilege Logs. With the exception of Paragraph 3(g)(vii) below, the parties shall exchange initial privilege logs by **February 12, 2025,** and final privilege logs by **May 12,**

---

[2] The parties have agreed that discovery requests may be limited on a per-side basis on condition that Defendants agree to each answer (and produce documents responsive to) such discovery requests, that such responses be binding on each of them, and that where one Defendant's response would differ from the other Defendant's response, the Defendants will note as such and provide respective responses, as appropriate.

**2025**. With the exception of Paragraph 3(g)(vii) below or upon a showing of good cause, parties shall not be required to log any documents generated on or after February 1, 2024 (i.e., the initial filing date of this action) or any documents involving the litigation counsel of any party in this case.

      f.    <u>Depositions.</u>

          i.    <u>Limitation on Hours for Deposition Discovery</u>. Each side is limited to a total of **70** hours of taking testimony by deposition upon oral examination, not including expert depositions or third-party depositions.

Each side may take up to 7 hours for each individual English-speaking fact witness and up to 10 hours for each individual fact witness for which an interpreter is required. Depositions requiring an interpreter that exceed 7 hours will only count against the taking side's hour limit as 7 hours.

The 7-hour (or 10-hour if interpreted) applies to any particular fact witness, regardless of whether that person is testifying in their individual capacity, as a Rule 30(b)(6) designee, or some combination thereof. Upon a showing of good cause, these limits may be extended by order of the Court or by agreement of the parties (e.g., if an individual is designated for a substantial number of Rule 30(b)(6) topics).

          ii.    <u>Location of Depositions</u>. Any party or representative (officer, director, or managing agent) of a party filing a civil action in this district court must ordinarily be required, upon request, to submit to a deposition at a place designated within this district. Exceptions to this general rule may be made by order of the Court or by agreement of the parties. A defendant who becomes a cross-claimant or third-party plaintiff shall be considered as having filed an action in this Court for the purpose of this provision.

f. <u>Discovery Matters and Disputes Relating to Protective Orders</u>. Should counsel find they are unable to resolve a discovery matter or a dispute relating to a protective order, the parties involved in the discovery matter or protective order dispute shall contact the Court's Case Manager to schedule an in-person conference/argument. Unless otherwise ordered, by no later than seven business days prior to the conference/argument, any party seeking relief shall file with the Court a letter, not to exceed three pages, outlining the issues in dispute and its position on those issues. By no later than five business days prior to the conference/argument, any party opposing the application for relief may file a letter, not to exceed three pages, outlining that party's opposition. A party should include with its letter a proposed order with a detailed issue-by-issue ruling such that, should the Court agree with the party on a particular issue, the Court could sign the proposed order as to that issue, and the opposing party would be able to understand what it needs to do, and by when, to comply with the Court's order. Any proposed order shall be e-mailed, in Word format, simultaneously with filing to peter_kosloski@pawd.uscourts.gov.

If a discovery-related motion is filed without leave of the Court, it will be denied without prejudice to the moving party's right to bring the dispute to the Court through the discovery matters procedures set forth in this Order.

Defendants have informed Plaintiff that without agreeing source code is necessary at this point, should it become relevant and necessary in light of later document productions, the source code will be produced by LinkPlay US. That said, Defendants (specifically including LinkPlay China) shall take all steps as of this Order to ensure that they can comply with its discovery obligations in this case, including any obligations to produce source code consistent with US and Chinese law. In the event that Plaintiff believes it is necessary to seek production of

course code from LinkPlay China, the parties shall confer in good faith on the issue, and, absent agreement, raise any disputes with the Court.

    g.    <u>Miscellaneous Discovery Matters.</u>

        i.    <u>Identification of Accused Products and Asserted Patents</u>. By **July 24, 2024**, Plaintiff shall identify the accused product(s)[3] and the asserted patent(s) that the accused product(s) allegedly infringe(s), and produce the file history for each asserted patent.

        ii.    <u>Production of Core Technical Documents.</u> By **August 28, 2024**, Defendants shall produce core technical documents related to the accused product(s), including but not limited to operation manuals, product literature, schematics, and specifications.

        iii.    <u>Infringement Contentions.</u> By **September 27, 2024**, Plaintiff shall produce its initial infringement contentions for each asserted claim, relating each known accused product to the asserted claims each product allegedly infringes. The deadline for Plaintiff to produce its final infringement contentions for each asserted claim shall be **August 1, 2025**.

        iv.    <u>Invalidity Contentions.</u> By **October 28, 2024**, Defendants shall produce their initial invalidity contentions for each asserted claim, as well as any related invalidity references (e.g., publications, manuals and patents). The deadline for Defendants to produce their final invalidity contentions for each asserted claim shall be **September 5, 2025**.

        v.    <u>Pending/Completed Litigation Involving Any Asserted Patent.</u> Completed litigation involving U.S. Patent Nos. 7,571,014 and 9,213,357 includes *Sonos, Inc. v. D&M Holdings Inc. et al.*, C.A. No. 14-1330-RGA/WCB (D. Del.). Plaintiff does not currently expect to institute any further litigation involving the asserted patents in this or other Districts

---

[3] For ease of reference, the word "product" encompasses accused methods and systems.

within the next year. Although not yet decided, Defendants currently expect they may file one or more IPRs and/or Reexaminations against the asserted patents.

      vi.    <u>Licenses and/or Settlement Agreements Involving Any Asserted Patent.</u> One or more of the asserted patents has already been licensed and/or the subject of a settlement agreement. Plaintiff produced such licenses and/or settlement agreements on May 15, 2024.

      vii.    <u>Opinion of Counsel.</u> By **February 24, 2025**, Defendants shall (a) produce any opinion of counsel on which Defendants intend to rely in this case, (b) produce any documents relating to the subject matter of any such opinion of counsel, and (c) serve a privilege log identifying any unproduced documents relating to the subject matter of any such opinion of counsel that are being withheld on the basis of attorney-client privilege, work product, or any other protection.

4.    <u>Application to Court for Protective Order</u>. Should counsel find it will be necessary to apply to the Court for a protective order specifying terms and conditions for the disclosure of confidential information, counsel should confer and attempt to reach an agreement on a proposed form of order and submit it to the Court by **July 24, 2024**. Should counsel be unable to reach an agreement on a proposed form of order, counsel must follow the provisions of Paragraph 3(f) above.

    Any proposed protective order must include the following paragraph:

    <u>Other Proceedings.</u> By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated as confidential pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

5.   **Papers Filed Under Seal.** When filing papers under seal, a redacted version of any sealed document shall be filed electronically within **seven days** of the filing of the sealed document.

6.   Claim Construction Issue Identification. On or before **Plaintiff's Proposal: December 23, 2024**, the parties shall exchange a list of those claim term(s)/phrase(s) that they believe need construction. The parties shall exchange their proposed claim construction of those term(s)/phrase(s)[4] and supporting intrinsic evidence on or before **January 10, 2024**. These documents will not be filed with the Court. Subsequent to these exchanges, the parties will meet and confer to prepare a Joint Claim Construction Chart to be filed no later than **January 20, 2025**. The Joint Claim Construction Chart, in Word format, shall be e-mailed simultaneously with filing to peter_kosloski@pawd.uscourts.gov. The Joint Claim Construction Chart should identify for the Court the term(s)/phrase(s) of the claim(s) in issue, and should include each party's proposed construction of the disputed claim language with citation(s) only to the intrinsic evidence in support of their respective proposed constructions. The Joint Claim Construction Chart should include an explanation of why resolution of the dispute makes a difference. A copy of the patent(s) in issue as well as those portions of the intrinsic record relied upon shall be submitted with the Joint Claim Construction Chart. In this joint submission, the parties shall not provide argument.

---

[4] If a party proposes a construction of a term to be its "plain and ordinary" meaning, the party must explain what that meaning is. If a term is arguably a means-plus-function term, and a party does not propose a function and a structure, it is waiving any right to propose a function and a structure at a later time

7.  <u>Claim Construction Briefing</u>[5]. Plaintiff shall serve, but not file, its opening brief, not to exceed 5,000 words, on **February 24, 2025**. Defendants shall serve, but not file, their answering brief, not to exceed 7,500 words, on **March 10, 2025**. Plaintiff shall serve, but not file, its reply brief, not to exceed 5,000 words, on **March 24, 2025**. Defendants shall serve, but not file their sur-reply brief, not to exceed 2,500 words, on **April 7, 2025**. No later than **April 14, 2025**, the parties shall file a Joint Claim Construction Brief. The parties shall copy and paste their unfiled briefs into one brief, with their positions on each claim term in sequential order, in substantially the form below.

**JOINT CLAIM CONSTRUCTION BRIEF**

I.  Representative Claims

II. Agreed-upon Constructions

III. Disputed Constructions

   A.  [TERM 1][6]
       1. Plaintiff's Opening Position
       2. Defendants' Answering Position
       3. Plaintiff's Reply Position
       4. Defendants' Sur-Reply Position

   B.  [TERM 2]
       1. Plaintiff's Opening Position
       2. Defendants' Answering Position
       3. Plaintiff's Reply Position

---

[5] As each brief is written and provided to the opposing party, the individual responsible for verifying the word count will represent to the other party that it has so verified and by what means. These verifications should not be provided to the Court unless a dispute arises about them. Pictures, Figures copied from the patent, and other illustrations do not count against the word limit. Plaintiff should include with its opening brief one or more representative claims with the disputed terms italicized. Should Defendants want to add additional representative claims, Defendants may do so. The representative claims and the agreed-upon claim constructions do not count against the word limits.

[6] For each term in dispute, there should be a table or the like setting forth the term in dispute, the parties' competing constructions, and why resolution of the dispute matters. The table does not count against the word limits.

        4.        Defendants' Sur-Reply Position

The parties need not include any general summaries of the law relating to claim construction. If there are any materials that would be submitted in an appendix, the parties shall submit them in a Joint Appendix.

        8.        <u>Hearing on Claim Construction.</u> Beginning at 10:00 a.m. on **May 6, 2025**, the Court will hear argument on claim construction. Absent prior approval of the Court (which, if it is sought, must be done so by joint letter submission no later than the date on which answering claim construction briefs are due), the parties shall not present testimony at the argument, and the argument shall not exceed a total of three hours. When the Joint Claim Construction Brief is filed, the parties shall simultaneously file a motion requesting the above-scheduled claim construction hearing, state that the briefing is complete, state whether the parties would prefer that the hearing be in person or by video conference, and state how much total time the parties are requesting that the Court should allow for the argument.

        9.        <u>Election of Asserted Claims & Prior Art Invalidity Grounds.</u>

The parties shall meet and confer in good faith to discuss reasonable limits on the number of asserted claims and the number of prior art invalidity grounds (e.g., where anticipation of asserted claim 1 by reference A, obviousness of asserted claim 1 by reference A combined with reference B, and obviousness of asserted claim 1 by reference A combined with reference C shall count as three invalidity grounds) both before claim construction briefing begins and before the deadline to make a Final Election of Asserted Claims.  Plaintiff shall serve its Final Election of Asserted Claims no later than the later of 45 days after the Court's claim construction order and 30 days after Defendants' final invalidity contentions. Defendants shall serve their Final Election

of Asserted Prior Art Invalidity Grounds no later than 3 weeks after Plaintiff's Final Election of Asserted Claims.

      10.     Disclosure of Expert Testimony.

      a.     Expert Reports. For the party who has the initial burden of proof on the subject matter, the initial Federal Rule 26(a)(2) disclosure of expert testimony is due on or before **September 9, 2025**. The supplemental disclosure to contradict or rebut evidence on the same matter identified by another party is due on or before **October 7, 2025**. Reply expert reports from the party with the initial burden of proof are due on or before **October 28, 2025**. No other expert reports will be permitted without either the consent of all parties or leave of the Court. If any party believes that an expert report does not comply with the rules relating to timely disclosure or exceeds the scope of what is permitted in that expert report, the complaining party must notify the offending party within one week of the submission of the expert report. The parties are expected to promptly try to resolve any such disputes, and, when they cannot reasonably be resolved, use the Court's Discovery Dispute Procedure or the complaint will be waived.

Along with the submissions of the expert reports, the parties shall advise of the dates and times of their experts' availability for deposition. Depositions of experts shall be completed on or before **November 18, 2025**. All expert testimony shall occur in English.

      b.     Objections to Expert Testimony. To the extent any objection to expert testimony is made pursuant to the principles announced in *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993), as incorporated in Federal Rule of Evidence 702, it shall be made by motion no later than the deadline for dispositive motions set forth herein, unless otherwise ordered by the Court.

11. <u>Case Dispositive and *Daubert* Motions</u>. All case dispositive and *Daubert* motions shall be served and filed on or before **December 12, 2025**.  Responses to any such motions shall be served and filed on or before **January 8, 2026**.  Replies to any such motions shall be served on or before **January 22, 2026**.  No case dispositive motion under Rule 56 may be filed more than ten days before the above date without leave of the Court. Absent an order of the Court upon a showing of good cause, each side is limited to one forty-page opening brief, one forty-page answering brief, and one twenty-page reply brief for all of its Daubert and case dispositive motions.

12. <u>Applications by Motion</u>. Except as otherwise specified herein, any application to the Court shall be by written motion. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

13. <u>Pretrial Conference</u>. On **April 22, 2026**, the Court will hold a Rule 16(e) final pretrial conference in Court with counsel beginning at 10 a.m. The parties shall file a joint proposed final pretrial order in compliance with Local Rule 16.3(c) no later than 5 p.m. on the fourth business day before the date of the final pretrial conference. Unless otherwise ordered by the Court, the parties shall comply with the timeframes set forth in Local Rule 16.3(d) for the preparation of the proposed joint final pretrial order.

14. <u>Motions *in Limine*</u>. Motions *in limine* shall be separately filed, with each motion containing all the argument described below in one filing for each motion. Any supporting documents in connection with a motion *in limine* shall be filed in one filing separate from the motion *in limine*. Each party shall be limited to three *in limine* requests, unless otherwise permitted by the Court. The *in limine* request and any response shall contain the authorities relied upon; each *in limine* request may be supported by a maximum of three pages of argument and

may be opposed by a maximum of three pages of argument, and the party making the *in limine* request may add a maximum of one additional page in reply in support of its request. If more than one party is supporting or opposing an *in limine* request, such support or opposition shall be combined in a single three page submission (and, if the moving party, a single one page reply). No separate briefing shall be submitted on *in limine* requests, unless otherwise permitted by the Court.

15. <u>Jury Instructions, Voir Dire, and Special Verdict Forms</u>. Where a case is to be tried to a jury, pursuant to Local Rules 47.1(a)(2) and 51.1, the parties should file (i) proposed voir dire, (ii) preliminary jury instructions, (iii) final jury instructions, and (iv) special verdict forms no later than 6 p.m. on the fourth business day before the date of the final pretrial conference. Areas of dispute shall be identified as narrowly as possible and in a manner that makes it readily apparent what the dispute is. The parties shall submit simultaneously with filing each of the foregoing four documents in Word format to peter_kosloski@pawd.uscourts.gov.

16. <u>Trial.</u> This matter is scheduled for a five (5) day[7] jury trial beginning at 9:30 a.m. on **May 4, 2026**, with the subsequent trial days beginning at 9:30 a.m. Until the case is submitted to the jury for deliberations, the jury will be excused each day at 5:00 p.m. The trial will be timed, as counsel will be allocated a total number of hours in which to present their respective cases.

/s/ J. Nicholas Ranjan _____
UNITED STATES DISTRICT JUDGE

---

[7] Five days (i.e., about ten to thirteen hours per side) is the presumptive length of a patent jury trial. If the parties think it is obvious that this will not be enough, they may put in a different length and should be prepared to explain why at the Rule 16 conference. A final decision on the precise length of trial will not be made before the final pretrial conference.

**Chart of Relevant Deadlines**

| Date | Event |
|---|---|
| 2024-07-23 | Initial disclosures |
| 2024-07-24 | Plaintiff's identification of accused products |
| 2024-07-24 | Protective order |
| 2024-08-28 | Defendants' production of core technical documents |
| 2024-09-27 | Plaintiff's initial infringement contentions |
| 2024-10-28 | Defendants' initial invalidity contentions |
| 2024-12-23 | Exchange claim terms/phrases for construction |
| 2025-01-10 | Exchange constructions and intrinsic evidence |
| 2025-01-20 | Joint claim construction chart |
| 2025-02-17 | Joinder of other parties and amendment of pleadings |
| 2025-07-25 | Amendment of pleadings to assert inequitable conduct |
| 2025-02-24 | Defendants' production of any opinion of counsel |
| 2025-02-24 | Plaintiff's opening *Markman* brief |
| 2025-03-10 | Defendants' answering *Markman* brief |
| 2025-03-24 | Plaintiff's reply *Markman* brief |
| 2025-04-07 | Defendants' sur-reply *Markman* brief |
| 2025-04-14 | Joint *Markman* brief |
| 2025-05-06 | *Markman* hearing |
| 2025-05-12 | Document production substantially completed |
| 2025-02-12 (initial) 2025-05-12 (final) | Privilege logs |
| 2025-08-01 | Plaintiff's final infringement contentions |
| 2025-09-05 | Defendants' final invalidity contentions |
| 2025-09-25 | Fact discovery cutoff |
| 2025-09-09 | Opening expert reports |
| 2025-10-07 | Rebuttal expert reports |
| 2025-10-28 | Reply expert reports |
| 2025-11-18 | Expert discovery cutoff |
| 2025-12-12 | Case dispositive & *Daubert* opening briefs |
| 2026-01-08 | Case dispositive & *Daubert* answering briefs |
| 2026-01-22 | Case dispositive & *Daubert* reply briefs |
| 2026-04-22 | Pretrial conference |
| 2026-05-04 | Jury trial |