IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SONOS, INC., | ) |
| | ) REDACTED - |
| Plaintiff, | ) PUBLIC VERSION |
| | ) |
| v. | ) C.A. No. 24-131-JNR |
| | ) |
| LINKPLAY TECHNOLOGY INC. and | ) |
| LINKPLAY TECHOLOGY, INC., | ) |
| NANJING, | ) |
| | ) |
| Defendants. | ) |

**LINKPLAY DEFENDANTS' RESPONSE TO SONOS'S SUR-REPLY RE: LINKPLAY CN'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND LINKPLAY DEFENDANTS' REPLY BRIEF SUPPORTING THEIR MOTION <u>TO TRANSFER TO THE NORTHERN DISTRICT OF CALIFORNIA</u>**

OF COUNSEL:
Mandy Song, Ph. D.
Gavin Ye, Ph. D.
Kris Teng
BAYES PLLC
8260 Greensboro Dr Suite 625,
McLean, VA 22102
(703) 995-9887

Dated: July 2, 2024

Karen E. Keller (No. 4489)
Andrew E. Russell (No. 5382)
Emily S. DiBenedetto (No. 6779)
Lindsey M. Gellar (No. 7202)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
kkeller@shawkeller.com
arussell@shawkeller.com
edibenedetto@shawkeller.com
lgellar@shawkeller.com
*Attorneys for Defendant LinkPlay Technology Inc. and LinkPlay Technology, Inc., Nanjing*

After the parties fully briefed the issue of whether Linkplay Technology Inc. Nanjing ("Linkplay CN") purposefully availed itself of Delaware law for selling certain accused products to California-based subsidiary Linkplay Technology Inc. ("Linkplay US"),[1] Sonos's sur-reply now seeks to get a second bite at the apple by arguing that third-party produced documents show Linkplay CN also sells accused products to another U.S. entity, Ohio-based Parts Express. But this factually inaccurate argument is nothing but a red herring to be ignored by the Court.

Sonos contends that two sales documents produced by third-party Parts Express[2] show that ███████████████████████████████████████████████ ████████████████ Sur-reply at 2. And because Sonos believes "Linkplay Technology Inc. Xiamen" is "merely an office or division of LP CN," it treats the sales as being made by "Linkplay Technology Inc. Nanjing." Sur-reply at 3. Based on this premise, Sonos argues these "sales of the accused modules made by LP CN to third-party Parts Express in Ohio . . . demonstrate that LP CN has an intent to serve the U.S. market generally" and thus the exercise of personal jurisdiction by Delaware courts would be proper. Sur-reply at 5–6.

But even were this premise factually accurate (it is not), this argument only echoes a similar one Sonos already made concerning Linkplay CN's sales to Linkplay US, an argument barred by *J. McIntyre Machinery, Ltd. v. Nicastro*, 564 U.S. 873 (2011) for reasons Linkplay already explained in prior briefing. In its opposition, Sonos argued that Linkplay CN's general intent to serve the U.S. market through sales of WiiM products and a limited number of accused

---

[1] Sonos's sur-reply is directed at only Linkplay CN's Motion to Dismiss for Lack of Personal Jurisdiction, not Linkplay Defendants' Motion Transfer to the Northern District of California.
[2] While informing Linkplay that "[t]hese documents were produced as confidential under LR 26.2," *see* Ex. A, Sonos did not redact its sur-reply or motion for leave to file the sur-reply or seal the documents filed as exhibits thereto. Linkplay files this response under seal out of respect of the third-party's confidentiality designation.

1

modules to its subsidiary Linkplay US in California amount to a purposeful availment of Delaware law specifically. But as explained in Linkplay's opening and reply briefs, *McIntyre* bars the argument that such a general intent to serve the U.S. market amounts to a purposeful availment of any specific state's laws, and Sonos can point to no evidence that shows Linkplay CN, acting merely as a foreign supplier of its California-based subsidiary Linkplay US, has a specific intent to serve Delaware. Parts Express is a national distributor located in Ohio so the alleged sales cannot be argued to target Delaware either. Nor does Sonos show that either Linkplay Technology Inc. Nanjing or Linkplay Technology Inc. Xiamen has any control on further distributions of the modules made by Parts Express—a distributor indisputably independent of any Linkplay entity. *McIntyre* thus bars finding purposeful availment of Delaware law based on these Parts Express sales, the same way it bars a similar finding based on the sales to Linkplay US, as explained extensively in Linkplay's opening and reply briefs.

And the premise that the Parts Express sales were made by Linkplay CN is factually incorrect. Although a subsidiary of Linkplay Technology Inc. Nanjing, "Linkplay Technology Inc. Xiamen" is indeed a business entity separate from "Linkplay Technology Inc. Nanjing." Attached as Exhibit B is the business-registration certificate of Linkplay Technology Inc. Nanjing (with certified translation). And attached as Exhibit C is the business-registration certificate of Linkplay Technology Inc. Xiamen (with certified translation). The separate business-registration certificates speak for themselves—that "Linkplay Technology Inc. Nanjing" and "Linkplay Technology Inc. Xiamen" are separate-and-distinct entities.[3] Contrary to

---

[3] Sonos mischaracterizes the meet and confer when it claims that "counsel for Linkplay *implied* that 'Linkplay Technology Inc. Xiamen' is some 'entity' independent of LP CN" (emphasis added). Linkplay's counsel indicated that the documents list Linkplay Technology Inc. Xiamen rather than Linkplay Technology Inc. Nanjing. The documents simply do not support Sonos's position that the two are the same and whether they are related is irrelevant.

Sonos's allegations, the statements made by Lifeng Zhao in his declarations regarding "Linkplay Technology Inc. Nanjing" are all accurate. Sonos's inferences that the two are the same entity fail, and so do its misrepresentation allegations built upon such inferences.[4]

Sonos's sur-reply stems from the incorrect premise that Linkplay CN sold accused modules to Parts Express, and, based on this assumption, continues to improperly urge a finding purposeful availment of Delaware law from Linkplay CN's intent to serve the general U.S. national market. This argument, as with Sonos's other arguments, fail under *McIntyre*, and therefore the Court should not be distracted by the sur-reply and should grant Linkplay's motion.

|  |  |
|---|---|
| | /s/ Karen E. Keller |
| | Karen E. Keller (No. 4489) |
| | Andrew E. Russell (No. 5382) |
| | Emily S. DiBenedetto (No. 6779) |
| | Lindsey M. Gellar (No. 7202) |
| | SHAW KELLER LLP |
| OF COUNSEL: | I.M. Pei Building |
| Mandy Song, Ph. D. | 1105 North Market Street, 12th Floor |
| Gavin Ye, Ph. D. | Wilmington, DE 19801 |
| Kris Teng | (302) 298-0700 |
| BAYES PLLC | kkeller@shawkeller.com |
| 8260 Greensboro Dr Suite 625, | arussell@shawkeller.com |
| McLean, VA 22102 | edibenedetto@shawkeller.com |
| (703) 995-9887 | lgellar@shawkeller.com |
| | *Attorneys for Defendant LinkPlay* |
| Dated: July 2, 2024 | *Technology Inc. and LinkPlay Technology, Inc., Nanjing* |

---

[4] Sonos made various arguments to support its inferences. Having shown the factual inaccuracy of those inferences, Linkplay sees no reason for this short response to address each of those arguments.

3

## CERTIFICATE OF SERVICE

I hereby certify that on July 2, 2024, this document was served on the persons listed below in the manner indicated:

**BY EMAIL**

| | |
|---|---|
| Philip A. Rovner<br>POTTER ANDERSON<br> & CORROON LLP<br>Hercules Plaza<br>P.O. Box 951<br>Wilmington, DE 19899<br>(302) 984-6000<br>provner@potteranderson.com | George I. Lee<br>Sean M. Sullivan<br>Rory P. Shea<br>J. Dan Smith<br>Michael P. Boyea<br>Cole B. Richter<br>Jae Y. Pak<br>LEE SULLIVAN SHEA & SMITH LLP<br>656 W. Randolph St., Floor 5W<br>Chicago, IL 60661<br>(312) 754-9602<br>lee@ls3ip.com<br>sullivan@ls3ip.com<br>shea@ls3ip.com<br>smith@ls3ip.com<br>boyea@ls3ip.com<br>richter@ls3ip.com<br>pak@ls3ip.com |

                                                    */s/ Karen E. Keller*
                                                  Karen E. Keller (No. 4489)
                                                  Andrew E. Russell (No. 5382)
                                                  Emily S. DiBenedetto (No. 6779)
                                                  Lindsey M. Gellar (No. 7202)
                                                  SHAW KELLER LLP
                                                  I.M. Pei Building
                                                  1105 North Market Street, 12th Floor
                                                  Wilmington, DE 19801
                                                  (302) 298-0700
                                                  kkeller@shawkeller.com
                                                  arussell@shawkeller.com
                                                  edibenedetto@shawkeller.com
                                                  lgellar@shawkeller.com
                                                  *Attorneys for Defendant LinkPlay*
                                                  *Technology Inc.*

# Exhibit A

| | |
|---|---|
| **From:** | Cole Richter |
| **To:** | Karen Keller |
| **Cc:** | Rovner, Philip A.; Mandy Song; Kris Teng; Gavin Ye; LS3 Team; SKParalegals; Andrew Russell; Lindsey Gellar; Michael Boyea |
| **Subject:** | Sonos/Linkplay |
| **Date:** | Tuesday, June 18, 2024 2:15:47 PM |
| **Attachments:** | PurchOrd_110387104.pdf<br>invoice 20220415_r.tic^y play Technopody Inc. Xiamen.pdf<br>Linkplay Sales to DE 2018-2024.xlsx |

**[EXTERNAL MESSAGE]**

Karen,

Attached are three documents that were produced last night by Parts Express pursuant to Sonos's Rule 45 subpoena. These documents contradict several statements of fact made by Linkplay in its motion to dismiss or transfer and by Zhao in his sworn declarations. Consequently, we intend to move for leave to submit a short sur-reply to the motion to dismiss or transfer to bring these to the attention of the Court. Can you let us know if you oppose? If so, please let us know when you're available for a meet and confer pursuant to LR 7.1.1.

N.B. These documents were produced as confidential under LR 26.2.

Best,
Cole

# Exhibit B

# Business License

(Duplicate)

No.: 32012166202404240002

Scan the QR code and log in National Enterprise credit info publicity system for more information about register, record, license and supervision

**Unified Social Credit Code** 91320115057958105F (1/1)

**Name** Linkplay Technology Inc. Nanjing

**Type** Liability Limited Company

**Legal Representative** Zhao Lifeng

**Business Scope** Research and development, sales, technical services, and technical consultation of computer software and hardware; Self-operated and agent import and export business of various commodities and technologies (except for commodities and technologies that the state restricts companies to operate or prohibits imports and exports) (For projects subject to approval according to law, business activities can only be carried out after approval by relevant departments)

**Registered Capital** CNY 603.4054 million yuan

**Incorporation Date** November 28, 2012

**Location** Room 8036, No. 7, Yingcui Road, Jiangjun Avenue, Jiangning District, Nanjing (Jiangning Development Zone)

**Registration authority** Jiangning Development Zone Administrative Approval Bureau of Nanjing (Seal)

April 24, 2024

The market entity shall submit the annual report of publicity through the National Enterprise Credit Information Publicity System from January 1 to June 30 each year.

Printed by State Administration for Market Regulation

National Enterprise credit info publicity system website: http://www.gsxt.gov.cn

---

I confirm the above translation is an accurate translation of the Original document.
Translator: LIU SHUAI   Tel: 15665773635   Certificate of English Translation: Level II   Certificate No.:201911009130000250
Company: Shandong Wanteng Translation Service Co., Ltd.
Address: Room 2207, Building 1, Lujinzhonghe Plaza, No.4 Zhuanshan West Road, Lixia District, Jinan City, Shandong Province
Date of translation: June 27, 2024

# 营业执照
## （副本）

统一社会信用代码　91320115057958105F　（1/1）

编号　320121666202404240002



名　称　南京乐韵瑞信息技术有限公司

类　型　有限责任公司

法定代表人　赵立峰

经营范围　计算机软硬件的研发、销售，技术服务、技术咨询；自营和代理各类商品和技术的进出口业务（国家限定公司经营或禁止进出口的商品和技术除外）（依法须经批准的项目，经相关部门批准后方可开展经营活动）

注册资本　603.4054万元整

成立日期　2012年11月28日

住　所　南京市江宁区将军大道迎翠路7号8036至（江宁开发区）

登记机关　　2024年04月24日

# Exhibit C



# BUSINESS LICENSE

Duplicate
Unified Social Credit Code: 91350200MA31RD1P7H

Title: Linkplay Technology Inc. Xiamen

Type: Corporate commercial subject [limited liability company (sole proprietorship of a legal person invested or controlled by a natural person)]

Domicile: Room E302C North, Taiwan Science and Technology Enterprise Incubation Center, No. 88, Xiangxing Road, Xiamen Torch High-tech Zone (Xiang'an) Industrial Zone

Legal Representative: Zhao Lifeng

Registered Capital: CNY 5,000,000.00

Date of Establishment: June 05, 2018

Term of Operation: June 05, 2018 to June 05, 2068

Business Scope: For business scope, business premises, investor information, annual report information and regulatory information of commercial entities, please refer to Xiamen Commercial Entity Registration and Credit Information Publicity Platform (website: www.xiamencredit.gov.cn). If the business scope involves business items approved for approval, it shall be operated only after obtaining the permission of the relevant department.

Registration Authority:
Xiamen Municipal Bureau of Market Supervision (Seal)
June 05, 2018



National Enterprise Information Publicity System Website: www.hobscztxyxx.gov.cn    Supervised by State Administration for Industry and Commerce of P.R.C

I confirm the above translation is an accurate translation of the Original document.
Translator: LIU SHUAI   Tel: 15665773635   Certificate of English Translation: Level II   Certificate No.:201911009130000250
Company: Shandong Wanteng Translation Service Co., Ltd.
Address: Room 2207, Building 1, Lujinzhonghe Plaza, No.4 Zhuanshan West Road, Lixia District, Jinan City, Shandong Province
Date of translation: June 27, 2024



# 营业执照

(副 本)

统一社会信用代码 91350200MA31RD1P7H

| | |
|---|---|
| 名　　称 | 厦门乐韵瑞科技有限公司 |
| 类　　型 | 法人商事主体【有限责任公司(自然人投资或控股的法人独资)】 |
| 住　　所 | 厦门火炬高新区（翔安）产业区翔星路88号台湾科技企业育成中心北E302C室 |
| 法定代表人 | 赵立峰 |
| 注册资本 | 伍佰万元整 |
| 成立日期 | 2018年06月05日 |
| 营业期限 | 自2018年06月05日至2068年06月04日 |
| 经营范围 | 商事主体的经营范围、经营场所、投资人信息、年报信息和监管信息等请至厦门市商事主体登记及信用信息公示平台（网址：www.xiamencredit.gov.cn）查询。经营范围中涉及许可审批经营项目的，应在取得有关部门的许可后方可经营。 |





登记机关

2018 年 06 月 05 日

企业信用信息公示系统网址：http://wsgs.fjaic.gov.cn/creditpub　　中华人民共和国国家工商行政管理总局监制