**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| SONOS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No.  24-131-JNR |
| v. | ) | |
| | ) | |
| LINKPLAY TECHNOLOGY INC. and | ) | JURY TRIAL DEMANDED |
| LINKPLAY TECHNOLOGY, INC., | ) | |
| NANJING, | ) | |
| | ) | |
| Defendants. | ) | |

## STIPULATED PROTECTIVE ORDER

IT IS HEREBY STIPULATED AND AGREED, by and between the parties and their respective undersigned counsel, that this Protective Order shall govern the disclosure, handling, and use of documents, testimony, and any other information or items that are produced, given, or otherwise exchanged amongst the parties and any non-parties throughout the duration of this action.

IT IS HEREBY ORDERED pursuant to Rule 26(c) of the Federal Rules of Civil Procedure that the following Protective Order shall be adopted.

1.    **<u>DEFINITIONS</u>**

1.1    <u>Challenging Party</u>: a Party or Non-Party that challenges the designation of information or items under this Protective Order.

1.2    <u>"CONFIDENTIAL" Information or Items</u>: non-public information (regardless of how it is generated, stored, or maintained) or items that contain or disclose information relating to trade secrets or other confidential research, development, technical, financial, or commercial information that a Party reasonably believes could cause harm to its business operations or provide improper business or commercial advantage to another Party or Non-Party.

1.3    <u>Counsel (without qualifier)</u>: Outside Counsel of Record (as well as their support staff).

1.4    <u>Designating Party</u>: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE."

1.5    <u>Disclosures or Discovery Material</u>: all information or items, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this action.

1.6    <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to this action who (i) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action, (ii) is not a current employee of a Party or of a Party's competitor, and (iii) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor.

1.7     <u>Final Disposition</u>: the later of (i) dismissal of all claims and defenses in this action, with or without prejudice; and (ii) entry of a final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

1.8     <u>"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items</u>: extremely sensitive "CONFIDENTIAL" Information or Items, disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.  Such information or items may include, without limitation, information concerning research, development and other activities related to products, designs, trade secrets, or other highly-confidential research, development or joint development, technical, financial, sales, customer, or commercial information.

1.9     <u>"HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items</u>: extremely-sensitive "CONFIDENTIAL" Information or Items that meets the definition of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items and is non-public computer source code or algorithms, which exhibits extremely-sensitive trade secret or other confidential research or development, the disclosure of which to an unauthorized individual could cause irreparable harm to the Producing Party.  As used herein, "source code" means human-readable computer instructions expressed in a form suitable for input to an assembler, compiler, or other data processing module in native format. The designation of "HIGHLY CONFIDENTIAL – SOURCE CODE" also applies to information or items, for example, technical design documentation, that comprises, includes, or substantially discloses source code or algorithms.

1.10     <u>In-House Counsel</u>: attorneys who are employees of a Party to this action.  In-House Counsel does not include Outside Counsel of Record.

1.11     Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

1.12     Outside Counsel of Record: attorneys who are not employees of a Party to this action but are retained to represent or advise a Party to this action and have appeared in this action on behalf of that Party or are affiliated with a law firm that has appeared on behalf of that Party.

1.13     Party: a party to this action.

1.14     Producing Party: a Party or Non-Party that produces Disclosures or Discovery Material in this action.

1.15     Professional Vendors: third-party persons or entities that provide litigation support services (e.g., photocopying, imaging, videotaping, translating, preparing exhibits or demonstrations, and organizing, processing, storing, or retrieving data in any form or medium, and professional jury or trial consultants) and their employees and subcontractors.

1.16     Protected Material: any Disclosure or Discovery Material that is designated "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE."

1.17     Receiving Party: a Party that receives Disclosures or Discovery Material from a Producing Party.

## 2.     SCOPE

This Protective Order shall apply to all Protected Material, regardless of the medium or manner in which it is generated, stored, or maintained, that is produced, disclosed, or generated either by a Party or Non-party in connection with discovery or Rule 26(a) disclosures in this action. Moreover, this Protective Order shall apply to (i) any information copied or extracted from Protected Material, (ii) any copies, excerpts, summaries, or compilations of Protected Material,

and (iii) any testimony, conversations, or presentations by a Party or its Counsel that might reveal information or items that have been designated in accordance with the procedures set forth herein.

However, this Protective Order shall not apply to (i) any information or items that are in the public domain at the time of receipt by the Receiving Party or that become part of the public domain, after receipt by the Receiving Party, in a manner that does not violate this Protective Order, including becoming part of the public domain through trial or otherwise, or (ii) any information or items that are known to the Receiving Party prior to being designated with a confidentiality designation for this action or that are obtained by the Receiving Party from a source who lawfully obtained the information or items and who was under no obligation of confidentiality to the Designating Party.

Nothing in this Protective Order shall (i) affect the right of the Producing Party to disclose or use its own Protected Material for any purpose or (ii) prevent or otherwise restrict Counsel from rendering legal advice to their client and in the course thereof, relying on Protected Material, provided, however, that in relying on such Protected Material, Counsel shall not disclose, reveal, or describe the content of any Protected Material except insofar as allowed, if at all, under the terms of this Protective Order.

Counsel will work together to discuss how to handle Protected Material that is to be presented at hearings or at trial.

## 3.    **DURATION**

Even after Final Disposition of this Action, the confidentiality obligations imposed by this Protective Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

**4.      DESIGNATING DISCLOSURES OR DISCOVERY MATERIAL**

**4.1      Restraint and Care in Designating Disclosure or Discovery Material**

Each Party or Non-Party that designates Disclosures or Discovery Material for protection under this Protective Order shall exercise restraint and take care to limit any designation to specific information or items that qualify under the appropriate standards.  Mass, indiscriminate, or routinized designations are prohibited.  Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other Parties) expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other Parties in its respective action that it is withdrawing the mistaken designation.

**4.2      Timing of Designations**

Except as otherwise provided herein, or stipulated to or ordered, each Party or Non-Party shall designate Disclosures or Discovery Material for protection under this Protective Order before the information or items are disclosed or produced.  If it comes to a Designating Party's attention that information or items were not properly designated as Protected Materials, that Designating Party must promptly notify all other Parties in its respective action that it is designating the materials as Protected Materials pursuant to Paragraph 4.4 below.

### 4.3 Manner of Designating

a. <u>Disclosures or Discovery Material in Documentary Form</u>

Disclosures or Discovery Material that is produced in documentary form (excluding transcripts) shall be designated by labeling or marking each page of the document that contains protectable material with the appropriate designation (i.e., "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE").

b. <u>Native Files</u>

Disclosures or Discovery Material that are produced in native electronic format shall be designated by appending to the file names an indication of the appropriate designation or by implementing any other reasonable method for designating materials produced in native electronic format. If such Disclosures or Discovery Material are printed, such as for use at a deposition or in a court proceeding, the party printing the materials shall label or mark each page of the printed materials with the designation of the electronic file.

c. <u>Depositions & Other Testimony</u>

Testimony given during a deposition or in other pretrial proceedings shall be initially designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" until the expiration of thirty (30) days after the Designating Party receives a transcript of the testimony ("thirty-day period"), unless the testimony is otherwise designated at the time of the testimony or during the thirty-day period.

An entire transcript of testimony or pages thereof may be designated by an appropriate statement either at the time the testimony is given or by notification within the thirty-day period.

If the testimony is not designated at the time of testimony or during the thirty-day period, the testimony shall no longer be considered Protected Material under this Protective Order.

Transcripts containing pages designated with a confidentiality designation shall include an obvious legend on the title page indicating that the transcript contains Protected Material (e.g., "This transcript contains HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY information"), and each transcript page containing Protected Material shall include a label or mark indicating the appropriate designation.

        d.      <u>Written Discovery</u>

Written discovery responses and information contained therein shall be designated by means of a statement specifying the level of designation on the cover page of each response document that contains Protected Material or any other means of identifying the designation level of the responses and information contained therein.  Moreover, the title page for such written discovery responses shall also include an obvious legend indicating that the response contains Protected Material.

        e.      <u>Information or Items Made Available for Inspection</u>

Any information or items made available for inspection prior to producing copies of selected information or items shall initially be designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," unless otherwise designated at or before the time of inspection. Thereafter, the Producing Party shall have a reasonable amount of time to review and designate the selected information or items prior to producing copies to the Receiving Party.

f.     <u>Information or Items Produced in Some Form Other than Documentary</u>

Disclosures or Discovery Material that are produced in some form other than documentary shall be designated by affixing a legend with the appropriate designation in an obvious place on the exterior of the container or the like in which protectable information is stored.

**4.4     Failure to Designate Properly**

If timely corrected, any information or items that are inadvertently produced or disclosed without a designation or are inadvertently produced or disclosed under- or over-designated may be corrected by the Producing Party providing written notice to counsel for the Receiving Party. Within five (5) business days of such written notice, the Producing Party shall produce to the Receiving Party replacement copies of the information or items with the proper designation.

So long as the Producing Party provides the written notification within a reasonable amount of time after becoming aware of the inadvertent failure to designate or under- or over-designation, the failure to designate or under- or over-designation shall not, standing alone, waive the Producing Party's rights to secure protection for the affected information or items under this Protective Order. After timely correction of a designation by the Producing Party, the Receiving Party shall make reasonable efforts to afford the information or items the protections set forth herein.

**5.     CHALLENGING CONFIDENTIALITY DESIGNATIONS**

**5.1     Timing**

A Party may challenge a confidentiality designation at any time.  Unless a prompt challenge to a confidentiality designation is necessary to avoid a foreseeable, substantial, and unnecessary burden on a Party or a significant disruption or delay in the litigation, a Party does not waive its right to challenge a confidentiality designation by not challenging the designation promptly after its original disclosure.

**5.2**     **Manner of Challenging**

a.     <u>Written Notice</u>

Any challenge to a confidentiality designation (i) shall be in writing, (ii) shall be served on Counsel of the Designating Party, (iii) shall particularly identify the information or items (including page numbers as appropriate) that the Challenging Party alleges should be differently designated, (iv) shall describe the basis for each challenge, and (v) shall recite that the challenge is being made in accordance with this specific paragraph of the Protective Order.

b.     <u>Meet and Confer</u>

Within seven (7) business days of service of the written notice, the Parties shall meet and confer in an attempt to resolve each challenge in good faith.  In conferring, the Challenging Party must explain the basis for each challenge, and the Designating Party must (i) review the challenged material, (ii) consider the basis for the challenge, and (iii) if no change in the challenged designation is offered, explain the basis for the confidentiality designation.  A Challenging Party shall only proceed to Resolution by the Court if it has engaged in this meet and confer process or establishes that the Designating Party is unwilling to timely participate in such process.

c.     <u>Resolution by the Court</u>

If the Parties cannot resolve a designation challenge, the Challenging Party may contact the Court pursuant to the dispute procedures in Paragraph 4(f) (titled "Discovery Matters and Disputes Relating to Protective Orders") of the Scheduling Order to seek a ruling that the Disclosure or Discovery Material in question is not entitled to the status of and protection associated with the Designating Party's designation.  Initiation of the dispute procedures in Paragraph 4(f) (titled "Discovery Matters and Disputes Relating to Protective Orders") of the Scheduling Order must be made within five (5) business days of the meet and confer.  Each motion

filed pursuant to this paragraph must be accompanied by a certification affirming that the Challenging Party has complied with the requirements imposed in this Section. The Designating Party shall bear the burden of persuasion regarding the propriety of any challenged designation.

## 6.    **ACCESS TO DESIGNATED MATERIALS**

A Receiving Party shall have access to and may use Disclosures or Discovery Material that is disclosed or produced by another Party or Non-Party only for purposes related to this action. To the extent that Disclosures or Discovery Material is designated with a confidentiality designation, such Protected Material may be disclosed only to the categories of persons and under the conditions set forth below, unless otherwise ordered by the Court or agreed to by the Designating Party. After Final Disposition of this action, all Receiving Parties must comply with the requirements of Section 14.

### 6.1    **CONFIDENTIAL**

A Receiving Party may disclose Protected Material designated as "CONFIDENTIAL" to only the following:

a.    the Receiving Party's Outside Counsel of Record in this Action, employees of such Outside Counsel to whom it is reasonably necessary to disclose, and any Professional Vendors working at the direction of such Outside Counsel;

b.    no more than five (5) officers, directors, or employees (including In-House Counsel) of the Receiving Party to whom it is reasonably necessary to disclose, except that either party may in good faith request the other party's consent to designate one or more additional representatives, the other party shall not unreasonably withhold such consent, and the requesting party may seek leave of Court to designate such additional representative(s) if the requesting party

believes the other party has unreasonably withheld such consent, provided that such individuals agree to be bound by this Protective Order by signing a copy of Exhibit A;

c.      any Expert of the Receiving Party to whom it is reasonably necessary to disclose, provided that such Expert (i) agrees to be bound by this Protective Order by signing a copy of Exhibit A, and (ii) complies with the procedures set forth below in Section 7;

d.      the Court, court personnel, and jury;

e.      court reporters, stenographers, or videographers, as well as their staff;

f.      professional jury or trial consultants, their staff, and mock jurors to whom it is reasonably necessary to disclose;

g.      any mediator who is assigned to hear this matter, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Protective Order; and

h.      any individual who currently has or previously had access to the Protected Material, including but not limited to any author, recipient, or custodian of the Protected Material or any individual currently employed by the Designating Party.

### 6.2    HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

A Receiving Party may disclose Protected Material designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to only the following:

a.      the Receiving Party's Outside Counsel of Record in this action, employees of such Outside Counsel to whom it is reasonably necessary to disclose, and any Professional Vendors working at the direction of such Outside Counsel;

b.      any Expert of the Receiving Party to whom it is reasonably necessary to disclose, provided that such Expert (i) agrees to be bound by this Protective Order by signing a copy of Exhibit A, and (ii) complies with the procedures set forth below in Section 7;

c.      the Court, court personnel, and jury;

d.      court reporters, stenographers, or videographers, as well as their staff;

e.      professional jury or trial consultants, their staff, and mock jurors to whom it is reasonably necessary to disclose;

f.      any mediator who is assigned to hear this matter, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Protective Order; and

g.      any individual who currently has or previously had access to the Protected Material, including but not limited to any author, recipient, or custodian of the Protected Material or any individual currently employed by the Designating Party.

### 6.3    HIGHLY CONFIDENTIAL – SOURCE CODE

Access to Protected Material designated as "HIGHLY CONFIDENTIAL – SOURCE CODE" shall be governed by the procedures set forth below in Section 8.  Any source code, which, consistent with Section 1.9, means human-readable computer instructions expressed in a form suitable for input to an assembler, compiler, or other data processing module in native format, shall only be made available for inspection, not produced except as set forth in Section 8.

A Receiving Party may disclose copies of Protected Material designated as "HIGHLY CONFIDENTIAL – SOURCE CODE" to only the following:

a.      the Receiving Party's Outside Counsel of Record in this action, employees of such Outside Counsel to whom it is reasonably necessary to disclose, and any Professional Vendors working at the direction of such Outside Counsel;

b.      any Expert of the Receiving Party to whom it is reasonably necessary to disclose, provided that such Expert (i) agrees to be bound by this Protective Order by signing a copy of Exhibit A, and (ii) complies with the procedures set forth below in Section 7;

c.      the Court, court personnel, and jury;

d.      court reporters, stenographers, or videographers, as well as their staff;

e.      any individual who currently has or previously had access to the Protected Material, including but not limited to any author, recipient, or custodian of the Protected Material or any individual currently employed by the Designating Party.

## 7.   <u>**ACCESS BY EXPERTS**</u>

A Receiving Party that seeks to disclose Protected Material to an Expert shall provide the Producing Party with written notice that includes:

i.      the full name of the Expert and address of his or her primary residence and/or place of business;

ii.     an up-to-date curriculum vitae, including a list of all current and former employers from the past ten (10) years and a list of all publications from the past ten (10) years;

iii.    identification of (by name and number of the case and location of court, to the extent possible) any litigation in which the Expert offered expert testimony in the past five (5) years; and

iv.     identification of any current or former consulting engagements that the Expert has had in the past (5) years.

The Designating Party shall have up to five (5) business days after receipt of such written notice to object in writing to the Receiving Party's Outside Counsel.  A Receiving Party that makes a request and provides the information specified in the preceding paragraphs shall not disclose the subject Protected Material to the identified Expert until expiration of the notice period.  Any objection by the Designating Party shall be for good cause and shall set forth in detail the grounds on which it is based.  If during the notice period the Designating Party serves such an objection, there shall be no disclosure of the Protected Material until the objection is resolved.

If an objection is made, the Parties shall meet and confer within three (3) business days to attempt in good faith to resolve the dispute.  If the dispute is not resolved, the Designating Party will have five (5) business days from the date of the meet and confer to initiate the dispute procedures in Paragraph 4(f) (titled "Discovery Matters and Disputes Relating to Protective Orders") of the Scheduling Order.  Any motion filed pursuant to this Section must describe the circumstances with specificity and set forth in detail the reasons why disclosure to the Expert should not be made.

## 8.      SOURCE CODE

The parties have several disputes relating to source code inspection and source code printouts.  Once such disputes are resolved by the Court, an addendum relating to source code inspection and source code printouts shall be attached to this Protective Order.

## 9.      OTHER PROCEEDINGS

By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case.  Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated as confidential pursuant to this order

shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

## 10.   <u>NON-PARTY MATERIALS</u>

The provisions of this Protective Order are applicable to all materials produced by a Non-Party in this action.  As such, the remedies and relief provided herein protect all materials produced by Non-Parties in this action.  However, nothing in this provision should be construed as prohibiting a Non-Party from seeking additional protections.

## 11.   <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

If a Receiving Party learns that it has disclosed, inadvertently or otherwise, Protected Material to any person or in any circumstances not authorized under this Protective Order, the Receiving Party shall (i) immediately notify the Designating Party in writing of all the pertinent facts, (ii) make every effort to prevent further unauthorized disclosure including retrieving all copies of the Protected Material from any recipients, (iii) inform the recipients of all terms of this Protective Order, and (iv) request that such recipients agree to be bound by this Protective Order by signing a copy of Exhibit A.

## 12.   <u>INADVERTENT PRODUCTION OF PRIVILEGED MATERIAL</u>

Pursuant to Federal Rule of Evidence 502, the inadvertent production of any Disclosures or Discovery Material subject to the attorney-client privilege, work-product immunity, and/or other privilege or immunity shall not waive any such privilege or immunity, provided that (i) the Producing Party took reasonable efforts to prescreen such Disclosures or Discovery Material prior to the inadvertent production, and (ii) after the Producing Party becomes aware of the inadvertent production, the Producing Party promptly sends to each Receiving Party a written request for return of the inadvertently produced Disclosure or Discovery Material.

Within ten (10) business days of receiving such a request, a Receiving Party shall return to the Producing Party, or certify the destruction of, all Disclosures or Discovery Material identified by the Producing Party as being protected by a privilege and/or immunity and inadvertently produced.  A Receiving Party shall not utilize or disseminate the information contained in the inadvertently produced Disclosure or Discovery Material for any purpose, except for contesting the claimed privilege or immunity.

If the Receiving Party wishes to contest the claimed privilege or immunity, the Receiving Party shall provide written notice thereof to the Producing Party.  The Receiving Party may retain one (1) copy of each Disclosure or Discovery Material at issue, but any such retained copies shall be sequestered and shall not be used for any purpose except to meet and confer with the Producing Party regarding the claimed privilege or immunity and/or to present information to the Court for a determination regarding the claimed privilege or immunity.

13.    **PATENT PROSECUTION BAR**

No attorney, patent agent, expert, or consultant who is currently participating in or providing consultation regarding the prosecution of any patent or patent application for the Receiving Party may review or otherwise have access to HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY or HIGHLY CONFIDENTIAL – SOURCE CODE information of the Producing Party.

Any individual who has reviewed any HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY or HIGHLY CONFIDENTIAL – SOURCE CODE information of the Producing Party shall not engage in the prosecution of patents or patent applications relating to (a) networked media playback devices or technologies for controlling such devices or (b) information relating to networked media playback devices or technologies for controlling such devices disclosed in the

Producing Party's confidential information, including without limitation the patents asserted in this action and any patent or application claiming priority to or otherwise related to the patents asserted in this action, on behalf of the Receiving Party during the pendency of this action and within one year after the earlier of either the date on which the individual withdraws Acknowledgement to be bound by the Protective Order or the final conclusion of this action (including any appeals).

For purposes of this section, "prosecution" shall include any activity related to (i) the preparation or prosecution (for any person or entity) of patent applications, including among others reexamination and reissue applications or (ii) directly or indirectly participating, drafting, amending, advising, or otherwise affecting the scope or maintenance of patent claims.[1]  Nothing in this section shall prevent any Outside Counsel of Record from sending non-confidential prior art to an attorney involved in patent prosecution for purposes of ensuring that such prior art is submitted to the U.S. Patent and Trademark Office (or any similar agency of a foreign government) to assist a patent applicant in complying with its duty of candor.

To avoid any doubt, "prosecution" as used in this section does not include representing a party challenging or defending a patent before a domestic or foreign agency (including, but not limited to, a reissue protest, *ex parte* reexamination, *inter partes* reexamination, *inter partes* review, post grant review or covered business method review), provided that there is no participation or assistance with any claim drafting or amendment of claims in such proceedings.

This Patent Prosecution Bar shall apply on an individual basis and not to a law firm or to an entity such individual is associated with or the other individuals associated with the law firm or

---

[1] Prosecution includes, for example, original prosecution, reissue, *inter partes* review, post grant review, covered business method review and reexamination proceedings.

entity.

**14.    MISCELLANEOUS**

**14.1    Right to Further Relief**

Nothing in this Protective Order abridges the right of any Party or person to seek its modification by the Court in the future.

**14.2    Right to Assert Other Objections**

By stipulating to this Protective Order, the Parties do not waive the right to argue that certain Disclosure or Discovery Material may require additional or different protections than those set forth herein.  Similarly, the Parties do not waive any right to object to another Party's use in evidence of any of the Disclosure or Discovery Material covered by this Protective Order.

**14.3    Filing Under Seal**

A Party seeking to file under seal any Protected Material must comply with D. Del. LR 5.1.3, CM/ECF Procedures, and Section 5 of the Scheduling Order.  Where reasonably practicable, only the portions of documents containing Protected Material shall be filed under seal.

**14.4    No Agreement Concerning Discoverability**

The identification or agreed upon treatment of certain type of Disclosures and Discovery Material does not reflect agreement by the Parties that the disclosure of such categories of Disclosures and Discovery Material is required or appropriate in this action.  The Parties reserve the right to argue that any particular category of Disclosures and Discovery Material should not be produced.

**15.    FINAL DISPOSITION**

Within sixty (60) days after the Final Disposition of this action, each Receiving Party shall return all Protected Material to the Producing Party or destroy such material.  As used in this

Section, "all Protected Material" includes copies, abstracts, compilations, summaries, and any other format that reproduces or captures any Protected Material.  Whether the Protected Material is returned or destroyed, the Receiving Party shall submit a written certification to the Producing Party by the 90-day deadline confirming the return or destruction of all the Producing Party's Protected Material.

Notwithstanding this Section, Outside Counsel of a Receiving Party may retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, communications, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. However, Outside Counsel of a Receiving Party may not retain an archival copy that contains a copy of the Producing Party's source code unless the copy of source code is removed from the archival copy.  Any such archival copies that contain or constitute Protected Material shall remain subject to this Protective Order as set forth in Section 3.

To the extent that the duties imposed on a Receiving Party by this Section conflict with the Receiving Party's obligations in another action, the Receiving Party may forgo returning and destroying Protected Material and shall seek guidance of this Court within a reasonable amount of time of becoming aware of the conflict.


SO ORDERED this ___ day of _____, 2024.


_____
United States District Court Judge

<u>EXHIBIT A</u>

<u>ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND</u>

I, _____ declare that:

1.      My present residential address is

_____;

2.      My current employer is _____;

3.      My current occupation is _____;

4.      I have read in its entirety and understand the Protective Order that was issued by the United States District Court for the District of Delaware on __/___/___ in the case of *Sonos, Inc. v. Linkplay Technology Inc. and Linkplay Technology, Inc., Nanjing*, Civil Action No. 24-131-JNR;

5.      I agree to comply with and be bound by all the provisions of the Protective Order;

6.      I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.

7.      I will not disclose any information that is subject to the Protective Order in any manner that is contrary to the provisions of the Protective Order; and

8.       I agree to submit to the jurisdiction of the United States District Court for the District of Delaware for the purpose of enforcing the terms of the Protective Order.

Signature:_____          Date: _____